Michael ANDERSON et al., Plaintiffs,

v.

Ted BROWN, individually, and as Secretary of State of Ohio, et al., Defendants.

Civ. A. No. 8140.

United States District Court, S. D. Ohio, W. D.

Oct. 15, 1971.

**1196**

Richard G. Singer, John Weld Peck, Cincinnati, Ohio, for plaintiffs.

Thomas V. Martin, Asst. Atty. Gen. of Ohio, Columbus, Ohio, Arthur M. Ney, Jr., Asst. Pros. Atty., Hamilton County, Cincinnati, Ohio, for defendants.

Before WEICK, Circuit Judge, and PORTER and HOGAN, District Judges.

PER CURIAM.

■ I. The nine individually named student plaintiffs each attempted to register ante the 40-day period provided for in O.R.C. § 3503.11. While the constitutionality of that statute is attacked, it is this Court's conclusion that it is within the area of state determination (for state elections) and federally constitutional. For instance, Congress, in the Voting Rights Act of 1970,[1] determined, in respect of National Elections (Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 [1970]) a thirty-day period as the proper boundary. Cf. Pope v. Williams, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817 (1904); Howe v. Brown, 319 F.Supp. 862 (N.D.O.1970). Equal protection does not demand "mathematical nicety." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, at 78, 31 S. Ct. 337, 55 L.Ed. 369 (1910).

■ II. The plaintiffs also attack O.R.C. § 3503.05 (Voting Residence of Students) and Section I of O.R.C. § 3503.02 (Voting Residence—"persons attending institutions of learning."). On their face those statutes apply different voter qualification tests to "students" as a class, and all other "persons over 18" as a class. The test applicable to "others" (within the facts of this case) is simply "residence." The test applicable to a student is not "residence," alone, but "residence" plus "the establishment of or acquisition of a home for permanent residence"—patently, two factors are added to the test, i. e., "home" and "permanent." This Court finds no rational relationship between the classification and any legitimate state purpose —the defense has produced no evidence of compelling need. The two Ohio sections specifically referred to contravene the Equal Protection clause and are federally unconstitutional. Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L. Ed.2d 675 (1965); Evans v. Cornman, 398 U.S. 419, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970); Jolicoeur v. Mihaly, 5 Cal. 3d 565, 96 Cal.Rptr. 697, 488 P.2d 1 (1971); Wilkins v. Bentley, 385 Mich. 670, 189 N.W.2d 423 (1971).

■ III. The Ohio Constitution, Article V, Section 1 (as amended, effective Jan. 1, 1971) provides, insofar as pertinent to this case:

"I—Who May Vote—

"Every citizen of the United States, of the age of twenty-one, who shall have been a *resident* of the state six months next preceding the election, and of the county, township or ward, in which he *resides*, such time as may be provided by law, shall have the qualifications of an elector and be entitled to vote at all elections." (Emphasis ours.)[2]

1. 42 U.S.C.A. § 1977aa-1-(d).

2. The 26th Amendment to the Constitution of the United States, effective July 5, 1971, in effect, changed the "21" to "18."

The article contains the simple "residence" test for all voters; it is, insofar as the question raised in this case is concerned, in full compliance with the "Equal Protection" clause. The duty and authority to determine (at least in the first instance) the "residence" of anyone who presents himself or herself to register is, of course, that of the various Ohio County Boards of Election, as provided by Ohio law. The Equal Protection Clause requires, however, that the *same* test be applied to all alike, students or no.

IV. It is obvious from the Ohio Revised Code sections held to be unconstitutional, from the 1970 Voters Guide issued by the defendant Secretary of State (Student Voting Section, paragraph 3) and from the evidence in this case that the defendant Board applied to the plaintiff students a different (and more onerous) test than that applied to non-students (i. e., "permanent" and "establish or acquire a home"). This Court so finds as a fact.

V. The conclusions above stated—

(1) Do not extend the franchise to any person who registered after September 22, 1971;

(2) Do not *require* the defendant Board to consider and determine the qualifications for registration of anyone other than the nine named plaintiffs who attempted to register on or before that date; and

(3) In respect of the nine, do not *require* that the Board of Elections register and extend the franchise to them. It does require, in respect of each of those nine, that the Board apply to each of their tendered registrations and in respect of the "residence" determination of the Board, the exact same tests uniformly applied by the Board to non-students—and grant or withhold the franchise without regard to the "requirements" of the Ohio statutory sections held to be unconstitutional.

A decree in accord herewith may be prepared and presented.